Battle, J>
 

 We fully concur with his Honor in the opinion, that the conduct of the plaintiff was a justification to the defendant in dismissing him from his service. It cannot, for a moment, be admitted that an overseer has a right to control the slaves, under his charge, against the known wishes, much less the positive commands, of the owner. This is the first instance of such an assumption of authority, which has, so far as we are aware, come before the courts, and we approve the rebuke so promptly given to it by his Honor, in the Court below.
 

 Upon the other question we differ with his Honor. Had the plaintiff wilfully and without excuse left the defendant’s service, he would, undoubtedly, both according to the principles of the common law, and by force of our statute, have forfeited his wages;
 
 White
 
 v.
 
 Brown,
 
 2 Jones’ Rep. 443; Revised Code, ch. 80. Is it reasonable that he should be in
 
 *457
 
 any better condition by acting so badly as to compel Ins employer to dismiss him ? It would seem that upon principle, be ought not to be allowed to take advantage of his own wrong. "We find that the authorities are to that effect. In, Smith on Master and Servant, 75, Law Lib. 104, (m. p. 113,) it is said that “ where a servant, whose wages are due periodically, refuses to perform his part of the contract, and serve his master in the manner contracted for, or so conducts himself that the master is justified in discharging him without notice, he is not entitled to be paid
 
 any wages
 
 for that portion of time, during which he has served since the last periodcal payment of wages ; that is to say, if a servant, whose wages are only due yearly, is rightfully discharged before the expiration of the year, he could recover nothing for services rendered previous to such discharge.” See also 2 Kent’s Com. 258— 261 in the notes.
 

 But it is contended by the plaintiff’s counsel, that the defendant waived his right to take advantage of the forfeiture, by his offer to pay the plaintiff for the time he had served. That might be so, if the plaintiff had not refused to accept the sum tendered. The defendant was willing to buy his peace, and when the plaintiff declined to accept the terms, the parties were remitted to their original rights. The plaintiff himself so understood it, for he waited until the end of the year, and then sued upon the special contract for the whole year’s salary. It would be very hard and unjust to permit the plaintiff, after failing to show his right to recover upon the special count, to mulct the defendant in the costs of the suit by a recovery on the common count. If he should be allowed, under any circumstances, to succeed in a claim for the services actually rendered, it ought not to be until after a distinct notice to the defendant, that he was willing to accept the sum which the latter had formerly tendered him. Upon that question, however,
 
 we
 
 neither give, nor intimate any opinion. For the error in the latter part of his Honor’s charge, the judgment must be reversed, and a
 
 venire da novo
 
 awarded.
 

 PeR Oueiam, Judgment reversed.